Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: matt.jaksa@hro.com

Attorneys for Plaintiffs,
ZOMBA RECORDING LLC; UMG RECORDINGS, INC.; and SONY BMG MUSIC ENTERTAINMENT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
_____ DIVISION

| | |
|---|---|
| ZOMBA RECORDING LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,<br><br>        Plaintiffs,<br><br>   v.<br><br>JOHN DOE,<br>        Defendant. | CASE NO. _____<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#36507 v1

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3. Venue in this District is proper. See 28 U.S.C. §§ 1391(b), 1400(a). Although the true identity of Defendant is unknown to Plaintiffs at this time, on information and belief, Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of the copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by Plaintiffs. On information and belief, such illegal dissemination occurred in every jurisdiction in the United States, including this one. In addition, Defendant contracted with an Internet Service Provider ("ISP") found in this District to provide Defendant with the access to the Internet which facilitated Defendant's infringing activities.

## PARTIES

4. Plaintiff ZOMBA RECORDING LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

5. Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

6. Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

7. The true name and capacity of Defendant are unknown to Plaintiffs at this time. Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address assigned to Defendant by his or her ISP on the date and time of Defendant's infringing activity. See Exhibit A. Plaintiffs believe that information obtained in discovery will lead to the identification of Defendant's true name.

# COUNT I

## INFRINGEMENT OF COPYRIGHTS

8. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

9. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including, but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to each Plaintiff as specified on each page of Exhibit A.

10. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

11. Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has continuously used, and continues to use, an online media distribution system to download and/or distribute to the public certain of the Copyrighted Recordings. Exhibit A identifies the IP address with the date and time of capture and a list of copyrighted recordings that Defendant has, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public. Through his or her continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted Recordings, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive rights under copyright. (In addition to the sound recordings listed on Exhibit A, Plaintiffs are informed and believe Defendant has, without the permission or consent of Plaintiffs, continuously downloaded and/or distributed to the public additional sound recordings owned by or exclusively licensed to Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of infringement are ongoing. Exhibit A includes the currently-known total number of audio files being distributed by Defendant.)

1     12.     Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the sound recordings identified in Exhibit A. These notices of copyright appeared on published copies of each of the sound recordings identified in Exhibit A. These published copies were widely available, and each of the published copies of the sound recordings identified in Exhibit A was accessible by Defendant.

    13.     Plaintiffs are informed and believe that the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.

    14.     As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against Defendant for each infringement of each copyrighted recording. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

    15.     The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering that Defendant destroy all copies of copyrighted sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

    1.     For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings or to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2. For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3. For Plaintiffs' costs in this action.

4. For Plaintiffs' reasonable attorneys' fees incurred herein.

5. For such other and further relief as the Court may deem just and proper.

Dated:   March 27, 2008                    HOLME ROBERTS & OWEN LLP

By _____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
ZOMBA RECORDING LLC; UMG
RECORDINGS, INC.; and SONY BMG MUSIC
ENTERTAINMENT

# EXHIBIT A

# EXHIBIT A

# JOHN DOE

**IP Address:** 207.62.145.33 2007-12-16 20:31:04 EST     **CASE ID#** 152094722

**P2P Network:** GnutellaUS     **Total Audio Files:** 942

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| UMG Recordings, Inc. | 50 Cent | In da Club | In Da Club (single) | 323-562 |
| UMG Recordings, Inc. | Young Buck | Shorty Wanna Ride | Straight Outta Ca$hville | 361-656 |
| SONY BMG MUSIC ENTERTAINMENT | Oasis | Champagne Supernova | (What's The Story) Morning Glory | 289-141 |
| SONY BMG MUSIC ENTERTAINMENT | Maria Mena | Take You With Me | White Turns Blue | 360-223 |
| UMG Recordings, Inc. | Rihanna | We Ride | A Girl Like Me | 387-137 |
| UMG Recordings, Inc. | Vanessa Carlton | A Thousand Miles | A Thousand Miles (single) | 306-656 |
| UMG Recordings, Inc. | Shania Twain | Any Man of Mine | The Woman in Me | 207-884 |
| Zomba Recording LLC | R. Kelly | Ignition | Ignition (single) | 307-632 |
| SONY BMG MUSIC ENTERTAINMENT | Dixie Chicks | Landslide | Home | 314-722 |