1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA 94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:   (415) 268-1999
   Email:       matt.jaksa@hro.com
5

6  Attorneys for Plaintiffs,
   ZOMBA RECORDING LLC; UMG
7  RECORDINGS, INC.; and SONY BMG
   MUSIC ENTERTAINMENT
8

9              UNITED STATES DISTRICT COURT
10             NORTHERN DISTRICT OF CALIFORNIA
                    _____ DIVISION
11

12 ZOMBA RECORDING LLC, a Delaware              CASE NO. _____
   limited liability company; UMG
13 RECORDINGS, INC., a Delaware corporation;    ***EX PARTE* APPLICATION FOR LEAVE**
14 and SONY BMG MUSIC ENTERTAINMENT,            **TO TAKE IMMEDIATE DISCOVERY**
   a Delaware general partnership,
15
                Plaintiffs,
16
17     v.

18 JOHN DOE,
19              Defendant.

20
21
22
23
24
25
26
27
28

---

EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY
Case No. _____
#36510 v1

Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identity of Defendant, who is being sued for direct copyright infringement.[1]

2. As alleged in the complaint, Defendant, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true name of Defendant, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify Defendant or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

---

[1] Because Plaintiffs do not yet know Defendant's true identity, Plaintiffs are unable to personally serve Defendant with a copy of this motion. Instead, Plaintiffs will serve the Clerk of Court pursuant to Fed. R. Civ. P. 5(b)(2)(D) ("A paper is served under this rule by . . . leaving it with the court clerk if the person has no known address.") and will serve Defendant's ISP with a copy of this motion. Additionally, if the Court grants this motion, Plaintiffs will ask the ISP to notify the Defendants of the subpoena and provide Defendant with an opportunity to object.

1

EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY
Case No. _____
#36510 v1

1     WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the
2 foregoing requested discovery immediately.

4 Dated:   March 27, 2008         HOLME ROBERTS & OWEN LLP

6                                 By  [signature]
                                       MATTHEW FRANKLIN JAKSA
7                                        Attorney for Plaintiffs
8                                        ZOMBA RECORDING LLC; UMG
                                       RECORDINGS, INC.; and SONY BMG MUSIC
9                                        ENTERTAINMENT

EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY
Case No. _____
#36510 v1